UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| IDA FOSTER, | No. C 12-04304 LB |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS OFFICE OF PERSONNEL MANAGEMENT, | **[ECF Nos. 9, 10, 22]** |
| Defendant. | |

## INTRODUCTION

*Pro se* Plaintiff Ida Foster, a former employee of the Department of Veterans Affairs Office of Personnel Management ("VA"), filed this lawsuit to obtain life insurance benefits that she contends that she is entitled to now because she turned 65. Complaint, ECF No. 1 at 3; Opposition, ECF No. 20 at 5-6.[1] To the extent that her claim for benefits is based on allegations that the VA discriminated and retaliated against her, Judge Illston already granted summary judgment in favor of the VA and against Ms. Foster in 2001, and the claim is precluded. Ms. Foster has 28 days to file an amended complaint.[2]

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

[2] The undersigned finds this matter suitable for determination without a hearing under Civil Local Rule 7-2 and vacates the hearing now set for January 17, 2013. The court also denies as moot,

ORDER (C 12-04304 LB)

**STATEMENT**

Ms. Foster's complaint implicates claims and allegations previously litigated in *Foster v. Principi*, No. C 01-02962 SI (N.D. Cal.) (the "2001 case"). *See* Compl., ECF No. 1 at 2 ("The complaint disputing the incorrect retirement was filed under claim (01 CV 2962)"). The court summarizes the prior litigation and the current complaint.[3]

## I. PLAINTIFF'S PRIOR LITIGATION AGAINST THE VA

On July 31, 2001, Ms. Foster sued the VA for employment discrimination, retaliation, and intentional infliction of emotional distress in the 2001 case). *See* Complaint, *Foster* (N.D. Cal. July 31, 2001), *available at* RJN Ex. B, ECF No. 10-2. The district court granted summary judgment in the VA's favor and against Ms. Foster. Summary Judgment Order, *Foster* (N.D. Cal. Jul. 3, 2002), *available at* RJN Ex. D, ECF No. 10-4 (cited below as "Summary Judgment Order"). The order's background section summarizes the issues presented in the case:

---

the VA's motion to continue the now-vacated hearing. *See* ECF No. 22.

[3] The court grants the VA's request for judicial notice of public record documents from the earlier case. *See* Request for Judicial Notice ("RJN"), ECF No. 10. In considering a motion to dismiss, the court can consider material outside the pleadings that is properly the subject of judicial notice. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). A court may take judicial notice of undisputed facts contained in public records, but it may not take judicial notice of disputed ones. *See Lee*, 250 F.3d at 689-90; *see also Muhammad v. California,* No. C-10-1449-SBA, 2011 WL 873151, at *4 (N.D. Cal. Mar. 11, 2011) (denying request for judicial notice of an address contained on a complaint filed in another case because the "underlying facts relevant to Plaintiff's residence are disputed and otherwise do not meet the requirements of Rule 201").

Here, the VA requests judicial notice of the district court docket, complaint, amended complaint, order granting summary judgment and judgment in the Northern District of California case No. 3:01-cv-2962-SI, and the memorandum opinion and judgment in Ms. Foster's Ninth Circuit appeal. *See* Walker Decl. Exs. A-G, ECF Nos. 10-1 - 10-7. These court filings are matters of public record. Ms. Foster appears to object to the request for judicial notice: "I request that the Judicial Notice filed herewith, the pleadings and Papers on file in this action, the reply, and such oral argument be eliminated. It is because the Veterans Affairs Agency presents wrong documents to cover up their wrong doings, misrepresentations in all my cases processed in District court . . . ." Opp'n, ECF No. 20 at 3. Ms. Foster does not dispute any of the facts, however, and the court takes judicial notice of the documents because they show the claims that Ms. Foster litigated previously.

On July 31, 2001, plaintiff lda M. Foster filed this complaint against her former employer, the Department of Veterans Affairs. Plaintiff is a 57-year old African-American woman. Def.'s Ex. D at VA076 (Pl.'s Application for Early Retirement). She was employed with the Department of Veterans Affairs ("VA") in the Fee Services Section from October 6, 1990 until January 3, 1997. *Id.* While an employee with the VA, plaintiff filed as many as ten Equal Employment Opportunity Commission ("EEOC") complaints alleging that her superiors were discriminating against her and wrongfully denying her promotions. Foster's Dep., Def.'s Supp. Ex. C at 25:2-26:3. According to plaintiff, each of these claims has ended in a determination against her. *Id.* at 29:6-9.

During December 1996 and January 1997, plaintiff applied for and accepted a $25,000 early retirement offer from the VA. Def.'s Mot. for Summ. J. at 2:21. In considering whether to accept the retirement package, plaintiff sought advice from Lola Griffin, Employee Relations Specialist, about the projected amount of her retirement benefits. Def.'s Opp. at 2: 23-24; Pl.'s Mot. for Summ. J. at 2: ¶ 3. Plaintiff had previously interacted with Griffin in 1991-92, when Griffin was the Complaints Manager for the VA. Pl.'s Mot. for Summ. J. at 2: ¶ 3. Plaintiff states that in 1992, Griffin mismanaged one of the EEOC claims plaintiff had filed and directed plaintiff and two other women "in the wrong direction" in order to eliminate their "class complaint." *Id.*

During plaintiff's consultation with Griffin, plaintiff requested an estimate of her retirement benefits and asked Griffin to explain the effect of plaintiffs divorce on those benefits. Pl.'s Obj. at 3. Plaintiff contends that Griffin "assured" her that her ex-spouse would only receive $74 per month of her retirement benefits. *Id.* In contrast, Griffin states in her affidavit that she based the retirement benefits calculation on information in plaintiff's personnel file, and that she had no legal expertise to interpret the court orders and made no attempt to do so. Def.'s Mot. for Summ. J. at 4: 1-7. Griffin states that she told plaintiff to contact an attorney to ascertain the effect of the court orders on her retirement benefits. *Id.* Plaintiff did not seek the advice of an attorney and relied on Griffin's estimate of her benefits in making her decision to retire. Foster Dep., Def.'s Ex. A at 92:20-93:20.

The retirement benefit analysis report which Griffin provided to plaintiff is prominently marked "estimate." Def.'s Ex. B at VA062. The cover sheet states, "THE CALCULATIONS PROVIDED YOU ARE ONLY ESTIMATED AMOUNTS AND ARE NOT INTENDED TO REPRESENT ACTUAL AMOUNTS. THE OFFICE OF PERSONNEL MANAGEMENT HAS SOLE AUTHORITY AND RESPONSIBILITY FOR ADJUDICATING RETIREMENT CLAIMS." *Id.* (emphasis and formatting in original).

In July 2001, plaintiff filed this employment discrimination lawsuit. Plaintiff's Amended Employment Discrimination Complaint ("Compl."), filed on December 10, 2001, alleges discrimination based on plaintiffs age, sex, and race under Title VII and several related causes of action. Compl. at 2-3. Plaintiff claims that Griffin provided her with incorrect information about her retirement benefits in order to encourage her to retire early. *Id.* at 3. Plaintiff believes this stemmed from discrimination against her based on her age, sex, and race -- discrimination which created a "working environment [that] was hostile and discriminatory." Pl.'s Obj. at 4. Specifically, Plaintiff claims that Griffin wrongly construed the terms of plaintiff's divorce decree, and wrongly informed plaintiff that her ex-spouse would not be entitled to a significant portion of her retirement benefits. *Id.* at 3.

Plaintiff also claims these actions were taken in retaliation against her for frequently filing EEOC complaints. *Id.* She states, "The real reason the Veterans Affairs management wanted me to retire was to stop me from filing the numerous complaints against the agency." Pl.'s Mot. for Summ. J. at 2: ¶ 6. Plaintiff believes that Griffin wrongly failed to refer her to the Office of Personnel Management ("OPM") Legal Department, which could have correctly interpreted her divorce decree. Pl.'s Obj. at 3. Defendant argues that the role of the

ORDER (C 12-04304 LB)
3

>VA was only to provide an estimate of the benefits plaintiff would receive, based upon the information in plaintiff's personnel file. Def.'s Mot. for Summ. J. at 6: 3-5.
>
>Finally, although plaintiff does not explicitly bring a cause of action for intentional infliction of emotional distress, the facts she alleges and the evidence she submits in connection with the present motion appear to assert these claims. Plaintiff and defendant have each moved for summary judgment. Both motions are presently before this Court.

*Id.* at 2-4.

The court granted the VA's motion for summary judgment on all of Ms. Foster's claims and denied Ms. Foster's motion for summary judgment. *Id.*

As to Ms. Foster's claim of employment discrimination, the court found that Ms. Foster "failed to make out a prima facie case of discrimination," and that she had not "introduced evidence that she was subject to any adverse employment action, nor brought forth proof of constructive discharge, a pattern and practice of discrimination, or a hostile environment." *Id.* at 9.

As to Ms. Foster's claim for retaliation based on the allegation that the VA provided faulty retirement counseling information in retaliation for her previous EEOC claim, the district court found that the claim failed because Ms. Foster failed to show an adverse employment action and failed to show a causal link between the VA's actions and her EEOC complaints. *Id.* at 9-10. Finally, the court held that Ms. Foster's evidence failed to establish several of the elements required for an intentional infliction of emotional distress claim. *Id.* at 10-11.

On appeal, the Ninth Circuit affirmed the district court. *See* Memorandum Opinion, *Foster v. Principi*, No. 02-16510 (9th Cir. Mar. 13, 2003), *available at* RJN Ex. F, ECF No. 10-6.

## II. PLAINTIFF'S CURRENT CLAIMS

Ms. Foster filed the current complaint on August 15, 2012. *See* Compl., ECF No. 1. It does not allege specific claims and instead – in about two and one-half single-spaced pages – refers to the prior case and alleges new harm from denial of lost benefits in the form of optional life insurance and basic life insurance that "became known to me when I turned 65 years of age." *Id.* at 1. She alleges that this is an additional incorrect action that "verifies the truth about the entire wrong retirement that was wrong back in 1997" and "confirms the retaliation and reprisals to end my employment" then by the "management and the Retirement Counselor," Lola Griffin, who "provided me with incorrect information to insure that I retired and have losses in my benefits." *Id.*

The complaint continues:

> The reasons was not because of the legal issues in the court order[4] because she purposely processed my amount to cause me to lose full benefits as she has processed even the additional insurance could have been given to me but she refused to continue the additional life insurance into my retirement and she made the decision because she stated she would not processed it into my retirement. The facts of the additional life insurance and basic life insurance and the continued retaliation of this retirement counselor in the processes of my retirement forced actions became clearly know since reaching age 65 that my entire retirement was purposely wrongfully handled by the retirement counselor. I was being subject to this action because she had access to all my records and made the determination and processed purposely the cancellation of the additional life insurance in processing my retirement. The complaint disputing the incorrect retirement was filed under claim (01 CV 2962. She processed this wrong retirement that cause damages and nothing has been corrected. I feel that I should receive the retirement amount that I was provided to me in writing by the retirement counselor and retired from this amount. Now I am still experiencing wrong in the retirement processing of the life insurance and additional insurance since I turned age 65 years.

Compl., ECF No. 1 at 1-2. The complaint's next paragraph restates the allegations of discrimination and retaliation addressed in the 2001 case. *See* Compl., ECF No. 1 at 2-3. The last section of the complaint returns to the new allegations about life insurance benefits, stating:

> The additional life insurance is another damage that she caused I witness this and it was clear that I did not want this loss that the retirement counselor processed. It is stated by Office of Personnel Management when she cancelled the additional life. Office of Personnel Management stated that the Veterans Affairs Agency was to provide the correct retirement benefit that I was to receive. I am requesting that the additional life insurance be reimburse to me. Section 8714 (b) of Title 5, United States Code may be continued under condition that I was not able to return to the position. The retirement should be corrected because it was a binding agreement benefit issued for retirement. The information was available and the retirement counselor had my records and all the information. The Office of Personnel Management needed these records to correctly calculate my retirement. This Retirement counselor intentionally provided me the false estimate but insured that it was correct. The forced retirement actions was processed by the Department of Veterans Affairs.

*Id.* at 3. For relief, she asks for the life insurance benefit to be paid to her.

On November 26, 2012, the VA filed a motion to dismiss on the ground of claim preclusion and under Rule 12(b)(6) for failure to state a claim. *See* Mot., ECF No. 9. On December 5, 2012, the court issued an order that provided Ms. Foster with information regarding the Northern District of California's legal help desk, attached the court's handbook for *pro se* litigants, and explained legal

---

[4] The court presumes that this refers to Ms. Foster's contention that the VA's retirement counselor misinterpreted the effect of court orders regarding Ms. Foster's divorce on her retirement benefits. *See* Summ. J. Order, ECF No. 10-4 at 3:10-18.

ORDER (C 12-04304 LB)

5

1  standards. *See* Order, ECF No. 14. On December 19, 2012, six days after her opposition was due,
2  Ms. Foster filed a motion to extend her reply deadline, which the court granted. *See* Mot. to Extend
3  Time, ECF No. 18; Order, ECF No. 19. Ms. Foster then filed an opposition, and the government
4  filed its reply. *See* ECF Nos. 20, 23.

**ANALYSIS**

**I. MOTION TO DISMISS**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quotation omitted*). But when a party repeatedly fails to cure deficiencies, the court may dismiss without leave to amend. *See Ferdik v.*

1 *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district
2 court instructed *pro se* plaintiff regarding deficiencies in prior order dismissing without prejudice).

## II. CLAIM PRECLUSION

The VA argues that Ms. Foster's claims are barred by the doctrine of claim preclusion (also called *res judicata*). *Id.* at 6. Claim preclusion bars claims that were raised or could have been raised in a prior lawsuit between the same parties. *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987). It applies if there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *United States v. Liquidators of European Fed. Credit Bank,* 630 F.3d 1139, 1150 (9th Cir. 2011).

### A. Final Judgment on the Merits

The previous lawsuit was a final judgment on the merits.

### B. Privity

The previous lawsuit and the current lawsuit involve the same parties: Ms. Foster and her former employer, the United States (sued in the first case in the form of the Secretary of the VA in his official capacity and in the second in the form of the VA).[5]

### C. Identity of Claims

Whether an identity of claims exists turns on whether (1) rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second lawsuit, (2) substantially the same evidence is present in the two lawsuits, and (3) the two lawsuits arise out of the same transactional nucleus of facts. *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 690 (9th Cir. 2005); *Tahoe–Sierra,* 322 F.3d at 1078. "Whether two events are part of

---

[5] *See* Summ. J. Order, ECF No. 10-4 at 2 ( Ms. Foster "filed this complaint against her former employer, the Department of Veterans Affairs"); *Community House, Inc. v. City of Boise,* 623 F.3d 945, 966 (9th Cir. 2010) ("[o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent") (internal quotation marks omitted)); *see also Fund for Animals, Inc. v. Lujan,* 962 F.2d 1391 (9th Cir. 1992) (res judicata barred suit against different entities within the federal government because "there is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government").

the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Int'l Union of Operating Engineers–Employers Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993); *see Tahoe–Sierra*, 322 F.3d at 1078 ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.")

The VA contends that the 2001 case and Ms. Foster's current complaint involve the same transactional nucleus of facts and issues. Mot., ECF No. 9 at 7; Reply, ECF No. 23 at 2.

The court holds that Ms. Foster's claims as alleged are precluded because they are based on the same discrimination and retaliation alleged in the first lawsuit and the same allegedly faulty retirement advice Ms. Foster received from retirement counselor Lola Griffin. *Compare* Compl., ECF No. 1 at 1 *with* Summary Judgment Order, ECF No. 10-4 at 2. Both involve claims of discriminatory and retaliatory animus surrounding employment, the retirement, and the resulting calculation of benefits (retirement benefits in the first lawsuit and insurance benefits in this lawsuit). *Compare* Compl., ECF No. 1 at 1-3 *with* Summary Judgment Order, ECF No. 10-4 at 2-3.

Even though the life insurance benefits that Ms. Foster discovered later (and that are at issue now) are different than the retirement benefits at issue in the first lawsuit, the outcome is not different. If the claim is – as it is alleged currently – that the additional denial of benefits "verifies the truth about the entire wrong retirement that was incorrect in 1997" and "confirms the retaliation and reprisals," then the claim is precluded because it is related to the same transactional nucleus of facts.[6] The court also agrees that to the extent that Ms. Foster is alleging claims against the VA under Title VII based on the improper counseling in 1997, those claims are time-barred because Ms. Foster does not (and likely cannot) allege that she exhausted administrative remedies by contacting

---

[6] Ms. Foster makes other statements that link the insurance benefits to the previously-litigated claims. *See, e.g.,* Compl., ECF No. 1 at 1 ("This action . . . is due to the forced wrong retirement from the VA back in 1997."); Opp'n, ECF No. 20 at 6 ("The claim in the retirement of the defendant was misrepresented by [the VA] which resulted to the disadvantageous retirement compensation. As it also resulted to erroneous life insurance package and undue cancellations of additional compensation of insurance . . . .").

ORDER (C 12-04304 LB)
8

an EEO counselor within 45 days of the alleged discrimination. *See* 29 C.F.R. § 1614.105.

The court grants leave to amend, however, in case Ms. Foster can allege something else. For example, in her opposition, she mentions ERISA and the ADEA and she mentions a course of events with the VA's Office of Personnel Management about her insurance benefits. She also says that she "made it clear that I did not want to cancel the insurance" and that she did not discover the issue until she turned 65. Opp'n, ECF No. 20 at 7, 9-10 ("[t]his claim was filed because I reached age 65 and discovered the true Facts constituting the many wrong processes and losses"); *see* Compl., ECF No. 1 at 1. The court cannot say that Ms. Foster cannot allege more facts establishing new claims based on new conduct (even though the complaint right now alleges only damages from bad conduct in 1997 and before). Thus, the court gives leave to amend.

## CONCLUSION

The court **GRANTS** the government's motion to dismiss and its request for judicial notice. Ms. Foster has 28 days to file an amended complaint. The court **DENIES** the VA's motion to continue the hearing, ECF No. 22, as moot.

This disposes of ECF Nos. 9, 10, & 22.

**IT IS SO ORDERED.**

Dated: January 14, 2013

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (C 12-04304 LB)            9