UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| IDA FOSTER,<br><br>                Plaintiff,<br>   v.<br><br>DEPARTMENT OF VETERANS AFFAIRS OFFICE OF PERSONNEL MANAGEMENT,<br><br>                Defendant.<br>_____/ | No. C 12-04304 LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 33]** |

### INTRODUCTION

*Pro se* Plaintiff Ida Foster, a former employee of the Department of Veterans Affairs Office of Personnel Management ("VA"), filed this lawsuit to obtain life insurance benefits that she contends she is entitled to now as part of her retirement benefits. First Amended Complaint ("FAC"), ECF No. 31 at 3.[1] The VA moves to dismiss the FAC because Ms. Foster failed to comply with court-mandated deadlines and because the amended complaint fails to allege sufficient facts to state a claim for relief. Motion, ECF No. 33 at 4-6. For the reasons stated below, the court GRANTS the VA's motion to dismiss.[2]

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

[2] The court finds this matter suitable for determination without a hearing under Civil Local Rule 7-6.

ORDER (C 12-04304 LB)

### STATEMENT[3]

Ms. Foster retired from the United States Department of Veterans Affairs (the "VA") in January 1997.  FAC, ECF No. 31 at 3.  As part of her retirement, Ms. Foster was entitled to certain "basic and additional life insurance benefits" that the VA denied her.  *Id.* at 3.  In order to consider Ms. Foster's claims in context, the court first examines the history of litigation between Ms. Foster and the VA, then summarizes the procedural history of this case and the allegations in the FAC.

### I. MS. FOSTER'S PREVIOUS LITIGATION

On July 31, 2001, Ms. Foster sued the VA for employment discrimination, retaliation, and intentional infliction of emotional distress.  *See* Complaint, *Foster v. Principi*, No. C 01-02962 SI (N.D. Cal. July 31, 2001) ("the 2001 Case"), *available at* RJN Ex. B, ECF No. 10-2.  This court's Order dismissing Ms. Foster's original complaint extensively quoted Judge Illston's Order Granting Summary Judgment in the 2001 Case.  *See* Order, ECF No. 25 at 2-4 (quoting  Summary Judgment Order, *Foster* (N.D. Cal. Jul. 3, 2002), *available at* RJN Ex. D, ECF No. 10-4 (cited below as "Summary Judgment Order")).

In sum, Ms. Foster alleged that a VA Employment Relations Specialist named Lola Griffin provided her with incorrect information about her retirement benefits to encourage her to retire early.  *Id.* at 3.  Ms. Foster alleged these actions were based on her age, sex, and race and were taken in retaliation for Ms. Foster's frequently filing EEOC complaints.  *Id.*  That court granted the VA's motion for summary judgment on all of Ms. Foster's claims and denied her cross-motion for summary judgment.  *Id.* at 4.

### II. PROCEDURAL HISTORY IN THIS ACTION

Ms. Foster filed the initial complaint on August 15, 2012.  ECF No. 1.  The VA filed a motion to dismiss and while it was pending, the court issued an order that provided Ms. Foster with

---

[3] The following facts are taken from the operative First Amended Complaint, ECF No. 31, and the relevant procedural history is taken from documents filed in this matter and *Foster v. Principi*, No. 3:01-cv-2962-SI (N.D. Cal.) and the memorandum opinion and judgment in Ms. Foster's Ninth Circuit appeal.  *See* Walker Decl. Exs. A-G, ECF Nos. 10-1 - 10-7.

information regarding the Northern District of California's legal help desk, attached the court's handbook for *pro se* litigants, and explained legal standards. *See* Motion to Dismiss, ECF No. 9; 12/5/12 Order, ECF No. 14. Six days after her opposition to that motion was due, Ms. Foster filed a motion for a three-week extension. ECF No. 18. The court granted the extension, ECF No. 19, and the parties briefed the motion, ECF Nos. 20, 23.

On January 14, 2013, the court granted the VA's motion to dismiss, stating:

> The court holds that Ms. Foster's claims as alleged are precluded because they are based on the same discrimination and retaliation alleged in the first lawsuit and the same allegedly faulty retirement advice Ms. Foster received from retirement counselor Lola Griffin. *Compare* Compl., ECF No. 1 at 1 *with* Summary Judgment Order, ECF No. 10-4 at 2. Both involve claims of discriminatory and retaliatory animus surrounding employment, the retirement, and the resulting calculation of benefits (retirement benefits in the first lawsuit and insurance benefits in this lawsuit). *Compare* Compl., ECF No. 1 at 1-3 *with* Summary Judgment Order, ECF No. 10-4 at 2-3.
>
> Even though the life insurance benefits that Ms. Foster discovered later (and that are at issue now) are different than the retirement benefits at issue in the first lawsuit, the outcome is not different. If the claim is – as it is alleged currently – that the additional denial of benefits "verifies the truth about the entire wrong retirement that was incorrect in 1997" and "confirms the retaliation and reprisals," then the claim is precluded because it is related to the same transactional nucleus of facts. The court also agrees that to the extent that Ms. Foster is alleging claims against the VA under Title VII based on the improper counseling in 1997, those claims are time-barred because Ms. Foster does not (and likely cannot) allege that she exhausted administrative remedies by contacting an EEO counselor within 45 days of the alleged discrimination. *See* 29 C.F.R. § 1614.105.

*See* Order, ECF No. 25 at 8. The court gave Ms. Foster leave to amend within 28 days in case she could "allege more facts establishing new claims based on new conduct (even though the complaint right now alleges only damages from bad conduct in 1997 and before)." *Id.*

On February 25, 2013, after the 28-day period had expired, Ms. Foster filed a request for an extension of time to file her amended complaint. *See* ECF No. 26. The VA filed a statement of non-opposition and the court granted Ms. Foster's request, giving her until March 8, 2013 to file her amended complaint. ECF Nos. 27-28. The court stated that "[n]o further time extensions will be granted." *Id.* On March 19, 2013 – 11 days after the deadline, the court received Ms. Foster's First Amended Complaint. *See* FAC, ECF No. 31. The envelope containing the FAC was postmarked March 13, 2013. *See id.* at 5.

### III. ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

In March 2010, "upon reaching age 65," Ms. Foster discovered that she had been denied "full

basic" and "additional" life insurance coverage in the amount of $44,000.00. FAC, ECF No. 31 at 3-4. The VA altered Ms. Foster's insurance records sometime in the past and wrongfully refused to correct that error in 2010. The FAC states:

> The interference of refusal to process the records as I requested to accomplish maintaining the additional life insurance.
>
> Veterans Administration Agency, Retirement Department processed the life insurance in pattern and practice actions connected to my race and sex and disregarded my rights to the larger amount for the basic; accomplished by the Retirement Department of the Veterans Affairs Agency who submitted the change to Office of Personnel Management eliminate full insurance benefits in connected to my race and sex.

*Id.* at 3.

The FAC alleges that Ms. Foster was denied the insurance benefits because of discrimination:

> The interference by the Department of Veterans Affairs is the practice and pattern of discrimination to result in receiving less in all the insurance. This pattern and practice I was exposed to is due to my race and sex, I was not accepted but treated different than other races because I am a black women and I did not receive the correct amount but receive less and lowest of basic and nothing in the additional insurance. The Department of Veterans Affairs Agency pattern and practice in poor treatment to effect me in receiving only a little to avoid accomplishments from advancement and me achieving the higher amount of insurance because I am discriminated against by the ("V,A") The Treatment and interference to my records occurred in discrimination is usual because I am a black women. The history of the continued practices of discrimination to accomplished me with having the lowest and less than other races in opportunities to benefits at the Department of Veterans Affairs Agency.
>
> Other races in retirement did not complain to me about their life insurance or that matters in their retirement as being incorrect and less and little.

*Id.* Ms. Foster alleges that she:

> contacted The Department of Veterans Affairs to file the complaint in compliance with EEO but [she] was continually advised to file the complaint in Office of Personnel Management because I am retired. I was told this office was responsible in correcting errors in the insurance in retirement matters as a former employee of Veterans Affairs Agency, Office of Personnel Management.

*Id.* at 2.

Ms. Foster argues that "[t]hese facts undeniably violated the provisions of Retirement Income Security A[]ct (ERISA) Civil Rights Act of 1964 Title VII and other legal provisions." *Id.* Ms. Foster seeks reimbursement of "the full basic life insurance of $33,000.00 and the additional life insurance pay out of $11,000.00. A Total of 44,000.00 is requested . . . ." *Id.* at 4.

On March 29, 2013, the VA filed the pending motion to dismiss Ms. Foster's amended

ORDER (C 12-04304 LB)   4

complaint. ECF No. 33. Because Ms. Foster does not receive ECF notifications, her opposition was due on April 15, 2013. *See id.* Ex. 1 (certificate of service through first class mail); N.D. Cal. Civil L.R. 7-3(a) (opposition due 14 + 3 days after the motion is filed when not served through the ECF system). On April 17, Ms. Foster signed and filed a "Notice of Objection to Defendant's Motion to Dismiss Admended Complaint," which the court construes as an opposition brief. *See* ECF No. 36 at 1, 8. Then on April 18, she filed a document captioned "Objection to Defendant's Motion to Dismiss Admended Complaint (Corrected Copy)," that is dated April 17, 2013. ECF No. 37 at 1, 7. The "corrected copy" differs substantially from the original opposition brief and the court construes it as an amended opposition brief.[4]

## ANALYSIS

### I. MOTION TO DISMISS

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

---

[4] Ms. Foster provides no justification for filing multiple opposition briefs, or for filing them after the deadline. Because neither opposition brief changes the ruling, the court considers both of them.

enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quotation omitted*). But when a party repeatedly fails to cure deficiencies, the court may dismiss without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court instructed *pro se* plaintiff regarding deficiencies in prior order dismissing without prejudice).

## II. MS. FOSTER'S FAILURE TO FILE ON TIME

The VA moves to dismiss Ms. Foster's complaint because she filed the FAC well past the deadline – even after it was extended to March 8. *See* Mot., ECF No. 33 at 4-5. In her late opposition briefs, Ms. Foster claims that she did not receive notice of the March 8, 2013 deadline until late in the day on March 8, promptly mailed it, and any further delays are due to "court processes." Am. Opp'n, ECF No. 37 at 4.

Courts in the Ninth Circuit must weigh five factors when determining whether to dismiss a claim for failure to comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). These are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). In *Ferdik*, the Ninth Circuit cautioned district courts to "treat pro se litigants with great leniency when evaluating compliance with the technical rules of civil procedure." 963 F.2d at 1258 (citing *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)).

The VA submits that terminal sanctions are appropriate because the court has granted Ms. Foster's motion to proceed *in forma pauperis*, referred her to the Legal Help Desk, granted her

multiple extensions, and warned her that no further extensions were available. Mot., ECF No. 33 at 5.

On this record, the court declines to dismiss the FAC as untimely filed. Because Ms. Foster's delay in filing the FAC was relatively short, the first two factors weighs against dismissal. Similarly, the VA provides no evidence of prejudice. Because the court dismisses Ms. Foster's complaint on its merits, both the fourth and fifth factors also favor denying the VA's motion on this basis.

In addition, Ms. Foster offers a plausible excuse for her failure to file the amended complaint before March 8, 2013. Based on her untimely opposition briefs, it appears that she misconstrued Defendant's February 26 statement of non-opposition to her request for an extension as the extension itself. *See* Am. Opp'n, ECF No. 37 at 5. ("I received the notice in writing granting the extension in early March 2013 with no due date."). She also claims that she did not receive a copy of the Order granting her extension until March 8 – which was the deadline for filing. *Id.*

Nonetheless, this does not account for the entire delay. Ms. Foster claims that after receiving notice of the extension on March 8, she "SUBMITTED THE AMENDED COMPLAINT THE NEXT BUSINESS DAY AS I INFORMED THE COURTROOM DEPUTY . . . ." Opp'n, ECF No. 36 at 5; *see* Am. Opp'n, ECF No. 37 at 4. According to Ms. Foster, any additional delay was due to "court processing." *Id.* This excuse is incorrect. March 8, 2013 was a Friday. The next business day was March 11. Ms. Foster signed and dated the Amended Complaint on March 13 and mailed it that day. *See* Amended Complaint, ECF No. 31 at 4 (signature page), 5 (envelope with postmark). The court received the envelope on March 19. *Id.* The delay was not due to "court processing" but instead is attributable to Ms. Foster's own tardiness and decision to mail the amended complaint rather than delivering it as quickly as possible.

This delay is consistent with Ms. Foster's repeated failure to comply with court-ordered deadlines. As discussed below, the court will not tolerate further non-compliance by Ms. Foster.

### III.  FAILURE TO STATE A CLAIM

The VA next moves to dismiss because the FAC fails to allege "new conduct or new claims." Mot., ECF No. 33 at 5. The FAC does not coherently explain the basis for Ms. Foster's claims or

why the VA is liable.  Even giving Ms. Foster the benefit of all reasonable inferences, the court cannot resolve these allegations into a claim.

First, the VA argues that Ms. Foster continues to allege "race and sex discrimination by the VA based on her discovery that she was not entitled to as much life insurance as she has expected" and that both allegations are barred for the reasons discussed in the court's order dismissing the original complaint.  Motion at 5.  The court generally agrees.  In the original complaint, Ms. Thomas explained that it was the "retirement counselor" in 1997 who "purposely processed my amount to cause me to lose full benefits . . . [and] refused to continue the additional life insurance into my retirement . . . ."  Complaint, ECF No. 1 at 1.  Now in the FAC, Ms. Thomas repeats many of the same allegations about the 1997 retirement counseling.  For example, she refers to "[t]he interference of refusal to process the records as I requested to accomplish maintaining the additional life insurance."  ECF No. 31 at 3.  She also alleges that it was the VA's "Retirement Department" that denied her the benefits she seeks.  *Id.*  On this record, the only reasonable inference is that Ms. Foster continues to refer to the 1997 events.

Similarly, the FAC refers generally to the VA's discrimination as a "pattern and practice in poor treatment to effect me in receiving only a little to avoid accomplishments from advancement and me achieving the higher amount of insurance . . . ."  *Id.* at 2.  But the FAC does not allege any discriminatory acts except for the original "interference" in Ms. Foster's insurance benefits.  *Id.*  Accordingly, neither the "insurance processing" nor the discrimination allegations plausibly establish a claim for relief.

The FAC contains a few allegations of new conduct, as the VA concedes.  *See* Mot. At 6.  The new allegation appears to be that the VA's Office of Personnel Management ("OPM") is responsible for correcting errors in retirement benefits and that it "accepted and investigated" her claim in March 2010.  FAC at 1; *see* FAC at 1-2 (Ms. Foster was told that the OPM corrected errors in insurance benefits for retirees); *id.* at 3-4 (same).  But as the VA points out, the FAC "does not allege any discrete act, omission, or violation by OPM."  Mot. at 6.  Even construing the FAC as liberally as possible in Ms. Foster's favor, the court cannot make out any allegations of wrongdoing that are not

1   barred by the previous litigation. Accordingly, the court GRANTS, the VA's motion to dismiss.[5]

2   In her untimely opposition and impermissibly-filed amended opposition briefs (rather than in the
3   Amended Complaint), Ms. Foster makes a number of new factual allegations that suggest she may
4   be able to state a claim. The Amended Opposition brief argues that Ms. Foster could not have
5   discovered her claims before March 2010 (though it does not say why). *See* Am. Opp'n, ECF No.
6   37 at 3. Ms. Foster also alleges that she filed some sort of request for reconsideration with the VA
7   that took two years. *Id.* Then she contacted the "Veterans Affairs Agency and the Director of
8   Veterans Affairs, EEO Program." *Id.* She was "referred by letter to Office of Personnel
9   Management to resolve this matter." *Id.*

10   The court still grants the VA's motion to dismiss, however, because to survive a motion to
11   dismiss, the operative complaint (rather than the opposition briefs) must contain sufficient factual
12   allegations to state a claim. Even if these allegations were in the amended complaint, they are still
13   too vague and conclusory to plausibly state a claim for relief. Nonetheless, the court will allow Mrs.
14   Foster to file one more amended complaint. The court urges Ms. Foster to carefully explain the
15   factual bases for her claims and to set out those facts in a clear and logically-ordered manner.

16   Finally, if Ms. Foster files an amended complaint, she must file it by May 24, 2013. If the court
17   does not <u>receive</u> a Second Amended Complaint by that date, it will close the case. Merely mailing
18   the amended complaint on that date will <u>not</u> be sufficient. If the Second Amended Complaint is
19   even one day late, the court will strike it and enter judgment against Ms. Foster and in favor of the
20   VA.

---

[5] The FAC also alleges that the VA is liable under ERISA. *See* FAC at 3. Other than referring to retirement and naming that act, the FAC fails to provide the basis for an ERISA claim.

ORDER (C 12-04304 LB)                                9

**CONCLUSION**

The court **GRANTS** the government's motion to dismiss without prejudice. As discussed above, Ms. Foster may file an amended complaint by May 24, 2013. The court will reject a late filing.

This disposes of ECF No. 33.

**IT IS SO ORDERED.**

Dated: May 3, 2013

_____
LAUREL BEELER
United States Magistrate Judge