UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| IDA FOSTER,<br><br>        Plaintiff,<br>    v.<br><br>DEPARTMENT OF VETERAN AFFAIRS,<br>OFFICE OF PERSONNEL MANAGEMENT,<br><br>        Defendant.<br>_____/ | No. C 12-04304 LB<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[ECF No. 41] |

# INTRODUCTION

*Pro se* Plaintiff Ida Foster, a former employee of the Department of Veterans Affairs ("VA") filed this lawsuit against the VA and the Office of Personnel Management ("OPM") to obtain life insurance benefits that she contends she is entitled to now as part of her retirement benefits. Second Amended Complaint ("SAC"), ECF No. 40 at 2. The VA and the OPM move to dismiss, arguing that the SAC fails to allege sufficient facts to state a claim for relief and that the doctrine of sovereign immunity bars Ms. Foster's tort claims. For the reasons stated below, the court GRANTS Defendants' motion to dismiss and dismisses the complaint with prejudice.

# STATEMENT

## I. PROCEDURAL HISTORY

Plaintiff commenced this action by filing a complaint on August 15, 2012. ECF No. 1.

1  Defendants[1] filed a motion to dismiss on November 26, 2012, arguing that Ms. Foster's claims were

2  barred under the doctrine of claim preclusion because they were raised or could have been raised in

3  a lawsuit she filed against the VA in 2001. ECF No. 9. On January 14, 2013, the Court granted

4  Defendants' motion to dismiss. Order Granting Motion to Dismiss, ECF No. 25. The Court held

5  that:

> Ms. Foster's claims as alleged are precluded because they are based on the same discrimination and retaliation alleged in the first lawsuit and the same allegedly faulty retirement advice Ms. Foster received from retirement counselor Lola Griffin. *Compare* Compl., ECF No. 1 at 1 *with* Summary Judgment Order, ECF No. 10-4 at 2. Both involve claims of discriminatory and retaliatory animus surrounding employment, the retirement, and the resulting calculation of benefits (retirement benefits in the first lawsuit and insurance benefits in this lawsuit). *Compare* Compl., ECF No. 1 at 1-3 *with* Summary Judgment Order, ECF No. 10-4 at 2-3.
>
> Even though the life insurance benefits that Ms. Foster discovered later (and that are at issue now) are different than the retirement benefits at issue in the first lawsuit, the outcome is not different. If the claim is – as it is alleged currently – that the additional denial of benefits "verifies the truth about the entire wrong retirement that was incorrect in 1997" and "confirms the retaliation and reprisals," then the claim is precluded because it is related to the same transactional nucleus of facts. The court also agrees that to the extent that Ms. Foster is alleging claims against the VA under Title VII based on the improper counseling in 1997, those claims are time-barred because Ms. Foster does not (and likely cannot) allege that she exhausted administrative remedies by contacting an EEO counselor within 45 days of the alleged discrimination. *See* 29 C.F.R. § 1614.105. [footnote omitted]

16  *Id.* at 8-9. The Court granted Ms. Foster leave to amend. *Id.* at 9.

17  Ms. Foster filed her first amended complaint ("FAC") on March 19, 2013. FAC, ECF No. 31.

18  Defendants moved to dismiss the FAC because Ms. Foster failed to file it by the court-ordered

19  deadline, and because it failed to state a claim for relief. Motion to Dismiss FAC, ECF No. 33.

20  Although the court excused Ms. Foster's late filing, it dismissed the FAC because she could not state

21  allegations of wrongdoing that were not barred by her previous litigation against the VA. Order

22  Granting Motion to Dismiss FAC, ECF No. 39 at 7, 9.

---

[1] Ms. Foster's complaints have never clearly indicated whether the Department of Veterans Affairs was a separate agency from the Office of Personnel Management. *See, e.g.,* Complaint, ECF No. 1; First Amended Complaint, ECF No. 31; SAC, ECF No. 40. Defendant initially identified itself as one entity. *See* Motion to Dismiss Complaint, ECF No. 9 at 1 (referring in the singular to "Defendant Department of Veteran's Affairs Office of Personnel Management"). Defendants' pending motion to dismiss is brought on behalf of the Department of Veterans Affairs ("VA") and the Office of Personnel Management ("OPM"). The court considers these entities as separate Defendants for purposes of this motion.

Because Ms. Foster asserted new factual allegations in the documents she filed in opposition to the motion to dismiss the FAC, the court granted her leave to file "one more amended complaint." *Id.* at 9. The court explained that "to survive a motion to dismiss, the operative complaint (rather than the opposition briefs) must contain sufficient factual allegations to state a claim." *Id.* The court urged Plaintiff to "carefully explain the factual bases for her claims and to set out those facts in a clear and logically-ordered manner." *Id.* Having recounted Ms. Foster's practice of disregarding court deadlines, the court explained that Ms. Foster must file any amended complaint by May 24 and "[i]f the Second Amended Complaint is even one day late, the court will strike it and enter judgment against Ms. Foster and in favor of the VA." *Id.*

On May 23, 2013, Ms. Foster filed a document entitled "Objections to the Dismissal and Request for Second Amended Complaint." ECF No. 40. For the reasons discussed below, the court construes this as Ms. Foster's Second Amended Complaint ("SAC"). Defendants moved to dismiss the SAC on June 6, 2013. Motion to Dismiss ("Motion"), ECF No. 41. Ms. Foster opposed the motion, ECF No. 44, and Defendants replied, ECF No. 45. After the motion was fully briefed, Ms. Foster filed a document titled "Objections to Defendants Reply to Dismiss the Second Amended Complaint." ECF No. 46.[2]

## II. ALLEGATIONS IN THE SAC

In the SAC, Ms. Foster makes factual allegations and legal arguments. The non-conclusory factual allegations are the following. Ms. Foster retired from the VA prior to filing the SAC. SAC, ECF No. 40 at 2. She claimed "life insurance and other insurance benefits from the OPM but did not receive the $1,008.00 that she was entitled to." *Id.* The OPM was notified of this error but failed to correct it. *Id.* The OPM told Ms. Foster "of the other insurance options because she turned sixty five years old but it was subsequently cancelled by the [VA]." *Id.* at 3.

There are also two documents attached to the SAC. The first is a "Life Insurance Election" form

---

[2] Ms. Foster did not seek permission to file this document. The filing violates Civil Local Rule 7-3(d), which states "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval" except in two inapplicable exceptions. *See id.* In any event, the surreply merely restates the same arguments Ms. Foster makes in the SAC and her oppositions. *Compare* Surreply, ECF No. 46, *with* SAC, ECF No. 40 *and* Opp'n, ECF No. 44.

C 12-04304 LB (ORDER)
3

1  for the Federal Employees Group Life Insurance Program that is filled out and signed by Ms. Foster.
2  *Id.* at 5. Ms. Foster's signature appears in the areas indicating that she elected to receive "Basic Life
3  Insurance," "Standard optional insurance," "Additional optional insurance" amounting to in the
4  multiple of five time Ms. Foster's annual basic pay, and "Family optional insurance." *Id.* Each
5  signature is dated "4/30/93." *Id.*

6  The second document is dated 12-20-1996 and appears to be one page of a computer printout
7  calculating Ms. Foster's "'Estimated' Involuntary Retirement Benefits" and life insurance coverage.
8  *Id.* at 6.

9  The SAC also makes three legal arguments. It argues that Defendants are liable for (1)
10  discrimination and (2) negligence, and (3) these claims are not barred by res judicata.

11  First, Ms. Foster argues that Defendants are liable for discriminating against her in violation of
12  Title VII of the Civil Rights Act of 1964. *Id.* at 3. Ms. Foster "experienced discrimination on
13  account of her gender and race with respect to the reduction and subsequent cancellation of her life
14  insurance benefits as well as the other benefits contained therein . . . and when she attempted to
15  obtain the full value of the benefits." *Id.* Also, the OPM "did not treat the members of othe[]r races
16  in a similar manner" to how it treated Ms. Foster. *Id.* at 4.

17  Second, Ms. Foster argues that the OPM was negligent "in computing the benefits that the
18  plaintiff is supposed to receive and at the same time, in the reduction and subsequent cancellation
19  thereto. Such negligence further became when they failed to take the procedures mandated by the
20  [VA] with respect thereto." *Id.* at 3.

21  Finally, Ms. Foster argues that the court was incorrect in dismissing her previous complaints
22  based on the preclusive effect of *Foster v. Principi*, No. C 01-2962SI, 2002 WL 1457809 (N.D. Cal.
23  July 1, 2002). *Id.* at 4. She argues that res judicata does not apply because there is no identity of
24  claims and "the first complaint focuses on insurance benefits whereas the second one deals with life
25  insurance benefits and is anchored upon the negligence of the Office of the Management Personnel."
26  *Id.*; *see also id.* at 2 ("the award only covered insurance benefits, without the life insurance
27  benefits"). *Id.*

28  For relief, Ms. Foster prays:

that a Second Amended Complaint be admitted to correct the mistakes in question. Furthermore, the reimbursement of both insurance and payout on the basic life amounting to $33,000 and additional life insurance valued at $300,000.00 be immediately paid.

*Id.* at 4.

## ANALYSIS

### I. THE EFFECT OF MS. FOSTER'S MAY 23, 2013 FILING

The court construe Ms. Foster's May 23, 2013 filing. First, to the extent Ms. Foster asks the court to reconsider its orders dismissing the previous complaints, the request is denied. Under the Local Rules, a party must obtain leave of court to file a request for reconsideration. N.D. Cal. Civil Local Rule 7-9. A party that seeks leave to file a motion for reconsideration may not repeat previous arguments and must show a either a material change in the facts or law or a manifest failure by the court to consider previously presented material facts or dispositive legal arguments. *Id.* Ms. Foster failed to comply with any of these requirements.

Second, to the extent Ms. Foster seeks additional time to file another amended complaint beyond the actual document that she filed on May 23, the request is denied. The court's previous order gave Ms. Foster leave to file a Second Amended Complaint by May 24. *See* ECF No. 40.

Finally, because *pro se* pleadings are to be liberally construed, *see Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982), the court construes Ms. Foster's filing as a Second Amended Complaint.

### II. DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendants move to dismiss the SAC for failure to state a claim against the VA and because the court lacks jurisdiction to hear a tort claim against the OPM. *See* Motion, ECF No. 41 at 4.

#### A. Legal Standards

##### *1. Lack of Subject Matter Jurisdiction*

Dismissal of a claim is appropriate under Federal Rule of Civil Procedure Rule 12(b)(1) when the court lacks subject-matter jurisdiction over the claim. Federal subject-matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). A Rule 12(b)(1) motion may either attack the sufficiency of the complaint to establish federal jurisdiction (a facial challenge) or allege a lack of

jurisdiction that exists despite the formal sufficiency of the complaint (a factual challenge). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publishing Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A facial attack asserts lack of federal jurisdiction based on the complaint alone, and the court must accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). By contrast, with a factual challenge, a court need not assume the truth of factual allegations but may hear additional evidence about jurisdiction and resolve factual disputes when necessary. *See Roberts*, 812 F.2d at 1177 (quotation omitted). If a defendant challenges jurisdiction by presenting evidence, then the party opposing the motion must present sufficient evidence to support the court's subject-matter jurisdiction. *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### *2. Failure to State a Claim*

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

1  formulaic recitation of the elements of a cause of action will not do. Factual allegations must be
2  enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citations
3  and parentheticals omitted).

4  In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true
5  and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551
6  U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

7  If the court dismisses the complaint, it should grant leave to amend even if no request to amend
8  is made "unless it determines that the pleading could not possibly be cured by the allegation of other
9  facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quotation omitted*). But when a party
10 repeatedly fails to cure deficiencies, the court may dismiss without leave to amend. *See Ferdik v.*
11 *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district
12 court instructed *pro se* plaintiff regarding deficiencies in prior order dismissing without prejudice).

13 **B. The Claim Against the VA**

14 Defendants move to dismiss Ms. Foster's claim against the VA for failure to state a claim.
15 *See* Motion at 4. The court concludes that the SAC does not plausibly allege a claim for relief
16 against the VA.

17 First, the SAC alleges discrimination under Title VII based on Ms. Foster's "gender and race,"
18 but provides no factual basis for that allegation. Ms. Foster complains that she was denied insurance
19 benefits she believes she was due. Other than the conclusory allegation that "such situation was not
20 evident in the case of the members of other the other races," no allegations connect the benefits
21 denial with any discrimination by the VA. Accordingly, the court finds that Ms. Foster fails to make
22 out a prima facie case of discrimination against the VA and grants the motion to dismiss. *See Foster*
23 *v. Principi*, No. C 01-2962SI, 2002 WL 1457809, at *4-6 (N.D. Cal. July 1, 2002).

24 **B. The Claims Against the OPM**

25 The SAC alleges that the OPM is liable for discrimination and for negligence. *See* SAC at 2-4.
26 The discrimination claim fails for the same reasons discussed above and the court grants the motion
27 to dismiss it.

28 The negligence claim is entirely unsupported by factual allegations. The SAC alleges:

the Office of Personnel Management was negligent in computing the benefits that the plaintiff is supposed to receive and at the same time, in the reduction and subsequent cancellation thereto. Such negligence further became when they failed to take the procedures mandated by the Department of Veterans Affairs with respect thereto.

SAC at 3. Defendants argue that the court lacks jurisdiction to hear this claim because Ms. Foster does not plead compliance with the "claim requirement" of the Federal Tort Claims Act ("FTCA"). Motion at 4-5.

The doctrine of sovereign immunity bars actions against the United States except where it clearly and explicitly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). The terms of such consent, as expressly set forth by Congress, define the Court's subject matter jurisdiction to entertain suits against the United States. Such consent must be strictly interpreted. *United States v. Sherwood*, 312 U.S. 584, 590-591 (1940).

The FTCA provides a limited waiver of sovereign immunity for certain torts. The FTCA provides the exclusive remedy for persons injured by the negligent or wrongful acts or omissions of any employee of the Government while acting within the scope of employment. 28 U.S.C. § 2679(b)(1). One of the conditions of the FTCA is that an injured party file an administrative claim with the appropriate federal agency. *See* 28 U.S.C. § 2675(a). The FTCA provides, in pertinent part, as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

*See McNeil v. United States*, 508 U.S. 106 (1993). "The claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985).

Here, Ms. Foster has failed to plead that she exhausted her administrative remedies by presenting her claims to OPM in accordance with 28 U.S.C. § 2675(a). Accordingly, the court grants Defendants motion to dismiss this claim.

Defendants go one step further, arguing that the court should dismiss this claim with prejudice

C 12-04304 LB (ORDER)
8

based on their evidence showing that Ms. Foster did not exhaust her administrative remedies. *See* Motion at 5.  As discussed above, on a factual challenge to jurisdiction, the court can consider materials outside of the pleadings.  *See Roberts*, 812 F.2d at 1177.  In that case, the party opposing the motion must present sufficient evidence to support the court's subject-matter jurisdiction.  *See Savage*, 343 F.3d at 1040 n.2.

Along with their motion to dismiss, Defendants submit the declaration of Theresa N. Ankrah, a Paralegal Specialist in the Compensation, Benefits, Products, & Services Division, Office of the General Counsel, U.S. Office of Personnel Management.  *See* Ankrah Decl., ECF No. 41-1, ¶ 1.  Ms. Ankrah states that her "responsibilities include maintaining those records in the Office of General Counsel pertaining to claims filed against OPM under the [FTCA]."  *Id.* ¶ 2.  Ms. Ankrah "reviewed the Office of General Counsel's records concerning claims filed against OPM under the FTCA."  *Id.* ¶ 3.  Based on her review, "there is no record that Plaintiff Ida Foster ever filed an FTCA claim with OPM."  *Id.*  The court finds that this is admissible evidence showing that Ms. Foster did not exhaust her administrative remedies.

Ms. Foster responds that Ms. Ankrah "was never in any of the complaints with OPM" and "never handled or answer my many complaints to Office of Personnel Management and during the processing of this complaint."  Opp'n at 4.  Ms. Foster's argument is unpersuasive.  First, it is not relevant whether Ms. Ankrah handled the complaints.  Second, Ms. Foster does not provide any evidence to show that she filed an FTCA claim with OPM or any federal agency.  Third, Ms. Foster provides no evidence that any such claim was "finally denied by the agency in writing and sent by certified or registered mail."  *See* 28 U.S.C. § 2675(a).  Based on the materials presented, the court finds that is lacks jurisdiction to hear Ms. Foster's tort claim against the OPM and dismisses it with prejudice.

**C. Dismissal With Prejudice**

Defendants ask that the court dismiss all of Ms. Foster's claims with prejudice.  Motion at 6. Ms. Foster has had three chances to state a claim supported by sufficient factual allegations.  She has not done so and has failed to cure deficiencies that the court has identified when dismissing her previous complaints.  Accordingly, the court dismisses Ms. Foster's claims with prejudice.  *See*

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court instructed *pro se* plaintiff regarding deficiencies in prior order dismissing without prejudice).

## CONCLUSION

The court **GRANTS** Defendants' motion to dismiss. Plaintiff's claims are dismissed **WITH PREJUDICE**.

This disposes of ECF No. 41.

**IT IS SO ORDERED.**

Dated: June 27, 2013

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California